IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DWIGHT SCOTT | § | |
| v. | § | CIVIL ACTION NO. 6:21cv124 |
| GREGG COUNTY JAIL, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Dwight Scott, an inmate of the Gregg County Jail in Longview, Texas, proceeding *pro se*, filed this civil action complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named defendants are Gregg County Sheriff Maxey Cerliano, Chief Deputy Jeff Callaway, and the Gregg County Jail.

**I. The Plaintiff's Claims**

Plaintiff's amended complaint (docket no. 8) is the operative pleading in the case. In this complaint, Plaintiff states that Sheriff Cerliano and Chief Deputy Callaway are the head officials of the jail and coordinate the jail's rules and regulations. He contends that these rules and regulations are being used to deny inmates sunlight or supplemental vitamins in the south jail facility. Plaintiff says that inmates have recreation at a gym with a skylight, but this skylight does not let the sunlight shine through; he says that the skylight appears to be frosted glass.

Plaintiff states that he is a 54 year old black male weighing 170 pounds, and he has never taken any medication outside of the jail, but now he has to take medication for high blood pressure. Since coming to the jail, Plaintiff states that he has not been exposed to sunlight since January of 2019. There are no vitamin supplements provided for inmates to get vitamin D, nor are such

supplements sold at the commissary. Plaintiff states that vitamin D deficiency is linked to a number of health problems and contends that the south jail was never meant to hold inmates for a prolonged period of time. Plaintiff also says that he has to be careful when he uses the restroom because every time a toilet is flushed, waste comes up in the toilet in the next cell. He complains that jail officials do not follow the jail grievance procedures and that his grievance about the sunlight never made it to the proper officials. For relief, Plaintiff asks that sufficient sunlight and a vitamin supplement be supplied at the jail's expense and for one hundred million dollars for pain and suffering.

## II. The Defendants' Motion to Dismiss

The Defendants Sheriff Cerliano and Captain Callaway filed a renewed motion to dismiss (docket no. 67). In this motion, the Defendants argue that Plaintiff has failed to show deliberate indifference to his safety and that they are entitled to qualified immunity. They assert that the claims of not allowing sufficient sunlight in the recreation room and not allowing vitamin D through the commissary do not meet the objective component of a conditions of confinement claim and do not describe an extreme deprivation. The Defendants contend that Plaintiff does not allege that he has a vitamin D deficiency, that he has been diagnosed with such a deficiency, or that vitamin D was prescribed by a health provider and denied by the jail officials. Nor does he allege sufficient facts to indicate that any current heart disease is caused by the lack of vitamin D. The Defendants further invoke their entitlement to qualified immunity. Plaintiff did not file a response to the renewed motion to dismiss.

## III. Discussion

### A. General Standards for Motions to Dismiss

Fed. R. Civ. P. 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." In order to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief which is plausible on its face. *Butler v. S. Porter*, 999 F.3d 287, 292 (5th Cir. 2021); *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The

Supreme Court stated that Rule 12(b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555.

Fed. R. Civ. P. 8(a) does not require "detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. Courts need not accept legal conclusions as true, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not sufficient. *Id.* at 678.

A plaintiff meets this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," or if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability. *Id.*; *see also Rios v. City of Del Rio, Tex*., 444 F.3d 417, 421 (5th Cir. 2006). *Pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but *pro se* plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

If the facts alleged in a complaint do not permit the court to infer more than the mere possibility of misconduct, a plaintiff has not shown entitlement to relief. *Id*. (citing Fed. R. Civ. P. 8(a)(2)). A complaint is properly dismissed if it does not state sufficient facts to set forth a plausible claim or if the claims it raises are merely speculative. *Bass v. Stryker Corp*., 669 F.3d 501, 506 (5th Cir. 2012).

The Fifth Circuit has stated that while *pro se* complaints are construed liberally, the court is still bound by the allegations of the complaint and is not free to speculate that the plaintiff "might" be able to state a claim if given yet another opportunity to amend the complaint. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). The court explained as follows:

> For example, if an IFP plaintiff, in amending his complaint through a response to a questionnaire, alleges in his response that he received inadequate medical care while incarcerated, we should not reverse the dismissal of the complaint on the basis that the plaintiff could possibly add facts that would demonstrate that he was treated with deliberate indifference in the medical care that he received. As another example, if an IFP prisoner asserts in the questionnaire response that he has been denied recreation time, we should not reverse dismissal on the ground that he might also be able to assert a claim that the denial was in retaliation for his having filed a grievance.

*Id*. at 97.

B. Application of the Standards to the Pleadings

Plaintiff asserts that he is deprived of sunlight because although the gym has a skylight, this skylight is made of frosted glass and thus does not allow actual sunlight to shine through. No Fifth Circuit case has held that inmates have a constitutional right to exposure to direct sunlight. In *Mayfield v. Ellett*, 102 F.3d 549, 1996 U.S. App. LEXIS 42992, 1996 WL 670432 (5th Cir., October 29, 1996), the plaintiff complained that inmates in the Panola County, Texas jail received sunlight only through a skylight in the indoor gymnasium and were thus denied outdoor recreation. The Fifth Circuit held that these facts "would not even arguably suffice to sustain a finding that he was unconstitutionally punished within the meaning of the Fourteenth Amendment" and that "we cannot say that the scheme employed at the Panola County jail facility does not strike a permissible balance between meeting that permissible objective [i.e. ensuring security and order] and affording inmates needed recreation and sunlight to the extent reasonably and practically available." The Court added that prior Fifth Circuit case law "does not confer a constitutional right to exercise in *unfiltered* sunlight in an otherwise acceptable custodial facility regardless of the facility's physical constraints." [Emphasis in original].

In *Smith v. Hebert*, 533 F.App'x 479, 2013 U.S. App. LEXIS 13307, 2013 WL 3243535 (5th Cir., June 28, 2013), the prisoner complained of being confined to a cell with inadequate sunlight and fresh air. The district court dismissed the lawsuit, and the Fifth Circuit affirmed the dismissal, stating that "as Smith did not allege any physical injury stemming from his confinement in administrative segregation or in Camp J, the district court did not err in dismissing Smith's claims that he was confined to a cell with inadequate sunlight and fresh air pursuant to Rule 12(b)(6)."

Similarly, Plaintiff has not alleged any physical injury stemming from the alleged deprivation of direct sunlight. He does not state that he has ever been diagnosed with or treated for a vitamin D deficiency. Although he says that he is now on medication for high blood pressure, he offers nothing to show a link between this condition - hardly uncommon among persons in their mid-50's - and the alleged deprivation of direct sunlight.[1] A prisoner's self-diagnosis will not support a medical conclusion. *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994); *Aswegan v. Henry*, 49 F.3d 461, 465 (8th Cir. 1995); *see also McClure v. Foster*, civil action no. 5:10cv78, 2011 U.S. Dist. LEXIS 14546, 2011 WL 665819 (E.D. Tex., Jan. 7, 2011), *Report adopted at* 2011 U.S. Dist. LEXIS 15437, 2011 WL 941442 (E.D. Tex., Feb. 16, 2011), *aff'd* 465 F. App'x 373, 2012 U.S. App. LEXIS 6385, 2012 WL 1059408 (5th Cir., March 29, 2012). In the absence of any showing of harm, Plaintiff's claim fails for this reason as well.

Plaintiff also complains that the toilets do not flush properly so that waste will come up in the cell next door. He does not claim that this ever happened in his cell or that he was otherwise affected by it in any way. In *Andrews v. Belt*, 274 F.App'x 359, 2008 U.S. App. LEXIS 8093, 2008 WL 1747116 (5th Cir., April 15, 2008), the Fifth Circuit held that the plaintiff's assertion that the defendants may have known of a toilet which leaked onto the floor but did not repair it, resulting in the plaintiff falling and injuring his back, amounted to a claim of no more than negligence, which is not actionable under 42 U.S.C. §1983.

---

[1] According to the Centers for Disease Control and Prevention, one-half of adult males in the United States have high blood pressure. *See* https://www.cdc.gov/bloodpressure/facts.htm.

Plaintiff also fails to allege any harm resulting from the problems with flushing the toilets. In *Harrison v. Smith*, 83 F.App'x 630, 2003 U.S. App. LEXIS 25058, 2003 WL 22946387 (5th Cir., December 11, 2003), the Fifth Circuit determined that a prisoner's complaint of unhealthy conditions in the county jail failed to state a claim absent compensable injuries. *See also McCord v. Maggio*, 927 F.2d 844, 849 (5th Cir. 1991) (observing that on remand, the plaintiff would have to show an injury from the unsanitary cell conditions complained of); *Hemphill v. Gorsuch*, civil action no. 6:20cv384, 2021 U.S. Dist. LEXIS 114253, 2021 WL 3008300 (E.D.Tex., May 12, 2021), *Report adopted at* 2021 U.S. Dist. LEXIS 11384, 2021 WL 2470406 (E.D.Tex., June 17, 2021) (plaintiff failed to allege harm resulting from allegedly unsanitary conditions of confinement including black mold, malfunctioning toilets, rodents, ants, and cat feces). This assertion fails to state a claim upon which relief may be granted.

Plaintiff next complains that the jail officials did not properly follow the grievance procedure. The Fifth Circuit has made clear that prisoners do not have a protected liberty interest in either the adequacy or the results of prison or jail grievance procedures. *Smith v. Horton*, 670 F.App'x 872, 2016 U.S. App. LEXIS 21059, 2016 WL 6904276 (5th Cir., November 23, 2016), *citing Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) *and Eason v. Thaler*, 73 F.3d 1322, 1325-26 (5th Cir. 1996). Whatever difficulties Plaintiff may have had with the grievance procedure did not implicate a constitutionally protected liberty interest, and so he has failed to state a claim upon which relief may be granted in this regard.

The Defendants Sheriff Cerliano and Chief Deputy Callaway have invoked their entitlement to qualified immunity. The Fifth Circuit has explained that when confronted with a qualified immunity defense at the pleading stage, the plaintiff must plead facts which, if proved, would defeat the claim of immunity. *Bledsoe v. Willis*, slip op. no. 23-30238, 2023 U.S. App. LEXIS 31326, 2023 WL 8184814 (5th Cir., November 27, 2023), *citing Guerra v. Castillo*, 82 F.4th 278, 285 (5th Cir. 2023). The pleading standards remain the same when the motion to dismiss is based on qualified immunity; the crucial question is whether the complaint pleads facts which, if true, would permit

the inference that the defendants are liable under §1983 and would overcome the qualified immunity defense. *Id*. at 285. At the motion to dismiss stage, it is the plaintiff's burden to demonstrate that qualified immunity is inappropriate. *Id.*, *citing Terwilliger v. Reyna*, 4 F.4th 270, 280 (5th Cir. 2021).

The doctrine of qualified immunity protects public officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Guerra*, 82 F.4th at 285, *citing Jennings v. Patton*, 644 F.3d 297, 300 (5th Cir. 2011). In determining this, the courts undertake a two-pronged analysis to determine whether a government official is entitled to qualified immunity, inquiring: (1) whether the facts that the plaintiff has alleged make out a violation of a constitutional right; and (2) whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Jennings*, 644 F.3d at 300, *citing Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). These prongs may be considered in either order. *Id.*

A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right. *Melton v. Phillips*, 875 F.3d 256, 265 (5th Cir. 2017) (*en banc*). (internal quotation marks and citation omitted). The Supreme Court has repeatedly instructed courts not to define "clearly established law" at a high level of generality; instead, the dispositive question is whether the violative nature of particular conduct is clearly established. This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition. *Mullenix v. Luna*, 577 U.S. 7, 12, 136 S.Ct. 305, 193 L.Ed.2d 255 (2015). Conclusory allegations are insufficient to overcome the qualified immunity defense. *Williams-Boldware v. Denton County, Texas*, 741 F.3d 635, 643-44 (5th Cir. 2014).

Plaintiff has not pleaded facts which would defeat the qualified immunity of Sheriff Cerliano and Captain Callaway. He has not met his burden of showing that qualified immunity is inappropriate and the lawsuit may be dismissed on this basis as well.

Finally, Plaintiff named the Gregg County Jail as a defendant in his lawsuit. The Gregg County Jail is a sub-unit of Gregg County and has no separate legal existence apart from the county. As such, the Gregg County Sheriff's Department cannot be sued in its own name unless Gregg County has taken explicit steps to grant the Sheriff's Department jural authority. *Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991). Plaintiff does not allege, much less show, that Gregg County has done so, meaning that the Gregg County Jail cannot engage in any litigation except in concert with the county itself. *Id.*; *see also Lancaster v. Harris County*, 821 F.App'x 267, 2020 U.S. App. LEXIS 21440 (5th Cir. 2020); *Thompson v. Gregg County Jail, et al.*, civil action no. 6:20cv605, 2021 U.S. Dist. LEXIS 257830, 2021 WL 8351294 (E.D.Tex., November 30, 2021), *Report adopted at* 2022 U.S. Dist. LEXIS 84674, 2022 WL 1478980 (E.D.Tex., May 10, 2022). Because the Gregg County Jail has no separate jural existence and is not a suable entity, Plaintiff has failed to state a claim upon which relief may be granted against it.

## RECOMMENDATION

It is accordingly recommended that the Defendants' renewed motion to dismiss (docket no. 67) be granted and the above-styled civil action be dismissed with prejudice.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 4th day of January, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE